### F. W. Robertson *v.* The State.

"Reasonable Doubt" — Charge of the Court. — The language of the Code of Procedure on the doctrine of reasonable doubt needs no elucidation, and attempts to explain it usually beget error. An instruction is erroneous which conditions an acquittal upon the jury's belief in the innocence of the accused. The case of *Smith* v. *The State*, ante, p. 150, cited on this subject with approval.

Appeal from the District Court of Bell. Tried below before the Hon. L. C. Alexander.

This appeal is from a second conviction of the appellant upon an indictment which charged him with burglary and theft. In Volume VI. of these Reports will be found a full report of the case upon his appeal from his former conviction, and a detailed account of the very singular state of proof on which the conviction was had. The evidence at the last trial was substantially the same, and therefore need not now be reiterated here. The jury found the appellant guilty of burglary, and assessed his punishment at two years in the penitentiary. He moved for a new trial, and, the motion being overruled, gave notice of appeal.

*Willson & Gaines, Boyd & Holman, Bedford Brown*, and *F. H. Robertson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. The otherwise admirable and comprehensive charge of the court concludes with this paragraph : —

"By reasonable doubt is not meant an imaginary doubt, or a possible doubt, or a doubt which might arise in a supposed case, but such a doubt as naturally presents itself to the mind on the facts before you in evidence, and as would arise in the minds of men of good judgment and sense. Unless all the material facts proved to your satisfaction lead to and establish the conclusion that the defendant is guilty,

to the exclusion of a reasonable belief to the contrary, you should acquit him."

The fallacy and impropriety of an instruction similar in substance and almost identical in phraseology were discussed and determined by this court at the present term, in the case of *Charles Smith* v. *The State*, and it is therefore unnecessary that it should be again considered as an open question. The departure from the plain, succinct, and exact terms employed by the Code in formulating the law of reasonable doubt, and the apparent attempt to make plainer that which is as plain as language can make it, has in this instance, as in almost every other wherein a similar elucidation has been attempted, involved a departure from the law of so radical a character as to necessitate a reversal of the judgment. As said in Smith's case: "It is not essential to an acquittal that the jury should entertain a reasonable belief, or any other kind of a belief, that the defendant is not guilty, but the law presumes that he is not guilty until his guilt is established by competent evidence, to the satisfaction of a jury, beyond all reasonable doubt." This presumption of innocence continues throughout the trial, and until the return of a verdict of conviction; and it may often happen that a jury is required, under the law and the evidence, to return a verdict of acquittal when each member of the jury may reasonably believe that the defendant is not innocent. *McMillan* v. *The State*, 7 Texas Ct. App. 142.

The importance of a correct exposition of this principle on the trial of any criminal action cannot be over-estimated; but in a prosecution dependent altogether upon the evidence of a confessed accomplice, whom the law brands as corrupt and polluted, and which positively forbids a conviction upon his unsupported statements, its importance is paramount. It is always a difficult task for a jury to comprehend this provision of law, and to discard from their unpractised minds the testimony of the accomplice in a search for the necessary outside corroboration. The witness testifies before

them, as do other witnesses. His statements are usually plausible, connected, and apparently sincere. Usually his own life or liberty is at stake, and dependent upon the conviction of his alleged confederate, and his confessed infamy is not likely to deter him from making any statement he may deem essential to his own preservation. He fixes guilt with almost absolute precision ; and the circumstantial details he gives in evidence, added to his apparent or real desire to reveal all the facts attendant upon and constituting the crime, are calculated to easily impose upon a jury, and to cause them to place entire confidence in the truth of his evidence. They are likely to forget his infamy, and, in an honest and laudable desire to punish the outrage upon law, they adopt his evidence as a proper basis for their verdict, without much regard as to whether it is corroborated by other evidence or not.

And yet, even after the introduction of evidence *aliunde* which may tend to connect the defendant with the offence committed, the evidence of the accomplice must be carefully weighed and considered, and thoroughly tested, before it should be adopted as true. The mere fact that it is allowed to go to a jury does not, of course, require that it must be believed. It may contain within itself the elements of exposure, and may be inherently so improbable and irreconcilable with truth as to justify its utter expulsion from the minds of the jury. Its falsity may be exposed by other testimony in the case so plainly that it would not be justifiable in a jury to give it credence. His testimony occupies precisely the same attitude as that of a witness impeached. In such a case the testimony, impeached and impeaching, is before the jury upon retirement, for their judicious selection. They may believe the one or the other, as to their intelligent judgment, in view of all the evidence, may seem right. The accomplice is impeached by the law, and when corroborated by other evidence tending to connect the defendant with the offence committed, then his evidence is

entitled to consideration, but not necessarily to belief. The jury may believe or disbelieve it, even though corroborated; and in a case supported almost solely by such evidence, it is apparent that a jury may well entertain a reasonable doubt as to the guilt of the party on trial, and ought to have the exact law upon that subject to guide them to a right conclusion.

These remarks are induced by the strange and peculiar circumstances of the case before us. A citizen is brought to trial for a heinous burglary, and the evidence against him consists of the statements of an alleged accomplice, corroborated by the testimony of an eavesdropper, who testifies to certain declarations of the defendant at a secret meeting appointed for that purpose by the accomplice, nearly a year after the commission of the offence, and after the stolen booty had been traced to the exclusive possession of the accomplice and recovered, and the accomplice had been arrested and indicted for the burglary. We intimate no opinion as to the weight of this testimony, but merely indicate its salient features, in order that the force of our remarks as to the law of reasonable doubt may be understood and appreciated.

The judgment is reversed and the cause remanded

*Reversed and remanded.*